Mary GUERRERO, Plaintiff-Appellant,

v.

LOWE'S HOME CENTERS, INC., Defendant-Appellee.

No. 06–5894–cv.

United States Court of Appeals, Second Circuit.

Nov. 16, 2007.

Rick S. Geiger, Law Office of Rick S. Geiger, LLC, Pittsford, NY, for Appellant.

Rex S. Heinke, Akin Gump Strauss Hauer & Feld, LLP, Los Angeles, CA (Bradley E. Strawn, Littler Mendelson, P.C., Atlanta, GA, Marguerite S. Walsh, ·Littler Mendelson, P.C., Philadelphia, PA, of counsel), for Appellee.

PRESENT: Hon. AMALYA L. KEARSE, Hon. ROBERT D. SACK and Hon. PETER W. HALL, Circuit Judges.

## SUMMARY ORDER

Mary Guerrero appeals from the decision of the district court (Charles J. Siragusa, *Judge*) granting summary judgment for the defendant Lowe's Home Centers, Inc. ("Lowe's") in a sexual harassment suit brought under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, and the New York Human Rights Law, Executive Law § 290 *et seq.* We assume the familiarity of the parties and counsel with the facts, the prior proceedings, and the decision of the district court in this case.

We review *de novo* the district court's grant of summary judgment. *See, e.g., Brown v. Henderson,* 257 F.3d 246, 251 (2d Cir.2001).

■ In order for a plaintiff to show that she was subjected to sex discrimination by virtue of a hostile work environment under 42 U.S.C. § 2000e–2(a)(1), she must prove: (1) the existence of workplace harassment directed towards her "because of [her] sex," (2) that such harassment "is objectively severe or pervasive—that is, [conduct that] creates an environment that a reasonable person would find hostile or abusive," and (3) that she "subjectively perceive[s] [her work environment] as hostile or abusive." *Brown,* 257 F.3d at 252 (internal citations and quotation marks omitted) (second and third alterations in original). It is undisputed that Daren Arrington, the plaintiff's supervisor and the individual whose behavior is the focus of this action, treated both male and female employees badly. However, even assuming that the behavior alleged was on account of plaintiff's sex, we conclude that,

as a matter of law, it does not meet the minimum threshold required to present a triable issue of fact as to whether there was a hostile work environment.

In order to prevail, "a plaintiff alleging a hostile work environment must demonstrate either that a single incident was extraordinarily severe, or that a series of incidents were sufficiently continuous and concerted to have altered the conditions of her working environment. To decide whether the threshold has been reached, courts examine the case-specific circumstances in their totality and evaluate the severity, frequency, and degree of the abuse." *Alfano v. Costello*, 294 F.3d 365, 374 (2d Cir.2002) (internal citations and quotation marks omitted).

In the instant case, where the sex-related conduct complained of was principally name calling, no single incident was sufficiently severe to give rise to a cause of action, nor was the alleged harassment sufficiently pervasive to meet the threshold for a hostile work environment. We think it important, both with regard to each of the complained of incidents individually and all of them in toto, that Guerrero alleges no physical touching or threats, no interference with her work performance, and no overt sexual advances. If she proffered evidence to support a finding that she had suffered that sort of harassment, the analysis as to whether it was severe or pervasive might well be different.

■ Guerrero also fails to present a meritorious challenge to the grant of summary judgment dismissing the claim that her subsequent transfer within the company constituted retaliation. Retaliation claims under Title VII are evaluated under the well-settled three-step burden-shifting analysis. *See Jute v. Hamilton Sundst-*

*rand Corp.*, 420 F.3d 166, 173 (2d Cir. 2005); *see also Abdu–Brisson v. Delta Air Lines, Inc.*, 239 F.3d 456, 466 (2d Cir.2001) (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802–04, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973)). "The burden of proof that must be met to permit a Title VII plaintiff to survive a summary judgment motion at the *prima facie* stage has been characterized as 'minimal' and '*de minimis*.'" *Jute*, 420 F.3d at 173 (quoting *Woodman v. WWOR–TV*, 411 F.3d 69, 76 (2d Cir.2005)) (emphasis in original).

The district court concluded (1) that Guerrero, having shown sufficient evidence of both protected activity and an adverse employment action, as well as a causal connection between the two, had established a prima facie case of retaliation, and (2) that defendant Lowe's had offered a legitimate non-discriminatory reason for her transfer. We agree.

We also agree with the district court that plaintiff has failed to satisfy the third step of the *McDonnell Douglas* analysis in that she has not established a triable issue of fact as to whether defendant's stated reason for her transfer is a mere pretext for discrimination.

For the foregoing reasons, the judgment of the District Court is hereby AFFIRMED.